UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXERGEN CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| THERMOMEDICS, INC. AND | ) |
| SANOMEDICS INTERNATIONAL | ) JURY TRIAL DEMANDED |
| HOLDINGS, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**EXERGEN CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Exergen Corporation ("Exergen") for its Complaint against Defendants Sanomedics International Holdings, Inc. ("Sanomedics") and Thermomedics, Inc. ("Thermomedics") alleges as follows:

**PARTIES**

1. Plaintiff Exergen Corporation ("Exergen") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having its principal place of business at 400 Pleasant Street, Watertown, Massachusetts, within this judicial district.

2. Defendant Sanomedics International Holdings, Inc. ("Sanomedics") is, upon information and belief, a corporation organized under the laws of Delaware having its principal executive offices at 80 SW 8th Street, Suite 2180, Miami, Florida, and doing business in this judicial district, including business related to the claims asserted in this Complaint.

3. Defendant Thermomedics, Inc. ("Thermomedics") is, upon information and

belief, a wholly owned subsidiary of Sanomedics International Holding, Inc. Thermomedics is a corporation organized under the laws of Nevada having its principal executive offices at 444 Brickell Ave, Suite 415, Miami, Florida, and doing business in this judicial district, including business related to the claims asserted in this Complaint.

## JURISDICTION AND VENUE

4. This action is for patent infringement. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants. Defendants have conducted and solicited and continue to conduct and solicit business in the Commonwealth of Massachusetts. Defendants have caused and are continuing to cause tortious injury in the Commonwealth of Massachusetts. Upon information and belief, Defendants, directly or through intermediaries, use, offer for sale, import, or distribute to others for such purposes, infrared thermometers, in the United States and the Commonwealth of Massachusetts.

6. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as *inter alia*, Defendants are subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

7. On August 31, 2010, United States Patent No. 7,787,938 ("the '938 Patent"), entitled "Temporal Artery Temperature Detector," was lawfully issued.

8. A copy of the '938 Patent is attached as Exhibit A and incorporated herein.

9. Exergen is the sole owner of the '938 Patent and all rights of recovery thereunder.

10. The '938 Patent has not expired and is in full force and effect.

11. Exergen has marked its products in connection with the '938 patent in compliance with 35 U.S.C. § 287(a).

12. On September 18, 2001, United States Patent No. 6,292,685 ("the '685 Patent"), entitled "Temporal Artery Temperature Detector," was lawfully issued.

13. A copy of the '685 Patent is attached as Exhibit B and incorporated herein.

14. Exergen is the sole owner of the '685 Patent and all rights of recovery thereunder.

15. The '685 Patent has not expired and is in full force and effect.

16. Exergen has marked its products in connection with the '685 Patent in compliance with 35 U.S.C. § 287(a).

17. Sanomedics has made and is making, has used and is using, has offered and is offering to sell, and/or has sold and is selling infrared thermometers the use of which infringes the '938 Patent and the '685 Patent, including but not limited to, by selling thermometers sold under the name Sanomedics Non-Contact Thermometer ("Sanomedics Thermometer").

18. Thermomedics has made and is making, has used and is using, has offered and is offering to sell, and/or has sold and is selling infrared thermometers the use of which infringes the '938 Patent, including but not limited to, by selling thermometers sold under the name Caregiver ("Caregiver Thermometer").

19. The instructions provided to consumers with the Sanomedics Thermometer explicitly instruct users to use the product in an infringing manner. A copy of the instruction manual has been attached as Exhibit C and is incorporated herein.

20. The instructions provided to consumers with the Caregiver Thermometer explicitly instruct users to use the product in an infringing manner. A copy of the instruction manual has been attached as Exhibit D and is incorporated herein.

21. Defendants have been aware of the existence of the '938 Patent since at least as early as about October 2012.

22. Defendants have been aware of the existence of the '685 Patent since at least as early as about October 2012. On information and belief, Defendants were aware of the existence of the '685 Patent earlier than October 2012, when contacted by Exergen, because in 2005, Thermomedics Chief Technology Officer Gary J. O'Hara served as an expert for defendants sued by Exergen for infringement of patents including the '685 Patent.

## COUNT I
## INFRINGEMENT OF THE '938 PATENT

23. Exergen incorporates by reference paragraphs 1-22 above as though fully set out herein.

24. On information and belief, Defendants have been and are contributorily infringing and/or actively inducing others, including end users, to infringe the '938 Patent, and sell the infringing thermometers with the knowledge and intent that they will be used by end users and that such use infringes the '938 Patent, and the intent that such thermometers are especially designed to be and are used in a manner which infringes the '938 Patent. Said thermometers are not staple items of commerce and have no substantial noninfringing use.

25. Sanomedics is a direct competitor of Exergen with respect to the subject matter of the '938 patent.

26. Thermomedics is a direct competitor of Exergen with respect to the subject matter of the '938 patent.

27. On information and belief, Defendants were aware of the existence of the '938 Patent and their infringement of the '938 Patent has been intentional, deliberate, and willful.

28.     By reason of the aforesaid infringement, Exergen is damaged and is entitled to damages adequate to compensate for Defendants' infringement.

29.     Defendants' infringement of the '938 Patent has caused and is causing irreparable injury to Exergen, for which Exergen has no adequate remedy at law.  Defendants will continue their unauthorized conduct unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF THE '685 PATENT

30.     Exergen incorporates by reference paragraphs 1-29 above as though fully set out herein.

31.     On information and belief, Defendant Sanomedics has been and is contributorily infringing and/or actively inducing others, including end users, to infringe the '685 Patent, and sells the infringing thermometers with the knowledge and intent that they will be used by end users and that such use infringes the '685 Patent, and the intent that such thermometers are especially designed to be and are used in a manner which infringes the '685 Patent.  Said thermometers are not staple items of commerce and have no substantial noninfringing use.

32.     Sanomedics is a direct competitor of Exergen with respect to the subject matter of the '685 Patent.

33.     On information and belief, Sanomedics was aware of the existence of the '685 Patent and its infringement of the '685 Patent has been intentional, deliberate, and willful.

34.     By reason of the aforesaid infringement, Exergen is damaged and is entitled to damages adequate to compensate for Sanomedics' infringement.

35.     Sanomedics' infringement of the '685 Patent has caused and is causing irreparable injury to Exergen, for which Exergen has no adequate remedy at law.  It will continue its unauthorized conduct unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Exergen respectfully requests this Court to grant the following relief, and any other relief the Court may deem proper:

1. Enter judgment in favor of Exergen determining that both Defendants induce infringement of, and have induced infringement of, the '938 Patent in violation of 35 U.S.C. § 271(b);

2. Enter judgment in favor of Exergen determining that Sanomedics induces infringement of, and has induced infringement of, the '685 Patent in violation of 35 U.S.C. § 271(b);

3. Enter judgment in favor of Exergen determining that both Defendants contributorily infringe, and have contributorily infringed, the '938 Patent in violation of 35 U.S.C. § 271(c);

4. Enter judgment in favor of Exergen determining that Sanomedics contributorily infringes, and has contributorily infringed, the '685 Patent in violation of 35 U.S.C. § 271(c);

5. Permanently enjoin both Defendants and their officers, agents, divisions, affiliates, subsidiaries, successors, employees, and representatives, and all those controlled by or acting in concert or privity with them from infringing, inducing the infringement, and/or contributing to the infringement of the '938 Patent;

6. Permanently enjoin Sanomedics and its officers, agents, divisions, affiliates, subsidiaries, successors, employees, and representatives, and all those controlled by or acting in concert or privity with it from infringing, inducing the infringement, and/or contributing to the infringement of the '685 Patent;

7. Award Exergen damages in an amount to be determined at trial; and

8. Award Exergen treble damages for willful infringement pursuant to 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Exergen hereby demands a trial by jury.

Date: May 21, 2013

Respectfully submitted,

EXERGEN CORPORATION
By its attorneys,

/s/ Meredith L. Ainbinder
Kerry L. Timbers (BBO # 552293)
Robert M. Asher (BBO # 22865)
Meredith L. Ainbinder (BBO # 661132)
SUNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, MA 02110-1618
Tel: (617) 443-9292
Fax: (617) 443-0004
Email: mainbinder@sunsteinlaw.com

03577/00511  1888448.1